GRETSCH CORPORATION v. BORGENICHT et al.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

LANDLORD AND TENANT (§ 187*)—LEASE—DELIVERY OF POSSESSION OF PREMISES—ELEVATOR SERVICE.

A lease stipulated that the lessor should furnish heat and elevator service, and that the lessee should have possession for the purpose of installing its plant and machinery on or before December 1st, and that no charge would be made for use of the premises during December and January, and that, if the landlord was unable to deliver complete possession by December 1st, the tenant should be allowed to deduct rent for as many days as possession is withheld after December 1st, from the March rent. Lessees did not pay the rent for March and April, claiming deduction because complete possession was not delivered within the lease, because the heat and elevator service were not furnished for the purpose of the installation of the machinery and plant of the lessees. Held, that it was error to exclude evidence tending to show that heat and elevator service were necessary for the installation of the machinery.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 187.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by the Gretsch Corporation against Louis Borgenicht and Hyman Kornreich. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Simon Sultan, for appellants.
M. V. McDonald, for respondent.

THOMAS, J. The lease between the parties herein for a term beginning February 1, 1911, stipulated that the lessor should furnish heat and elevator service, and that the lessee "shall have possession of the demised premises for the purpose of installing their plant and machinery on or before December 1, 1910, and that no charge will be made for use and occupation of said premises for the month of December, 1910, and January, 1911," and that "in case the landlord is unable to deliver complete possession by December 1st, as above provided, in that case tenant shall be allowed to deduct rent for as many days as possession is withheld, after December 1st, to be deducted from March rent, 1911."

Two actions, brought severally to recover installments of rent for March and April, 1911, were tried together, and recoveries for the full rent reserved followed. The defense was that through the failure of the lessor "to deliver complete possession by December 1st, as above provided," the plant and machinery could not be installed until a date in January. The heat and elevator service were not furnished for the purpose of the installation, and the only question is whether the lease required it. It should be assumed that these facilities were necessary for installation, as the court excluded all evidence in that regard. The lease was of the fourth and fifth floors for manufacturing purposes, and the machinery was to be installed in the fifth loft, and it may be that the elevators were necessary to raise them to their location, and it may not be beyond reasonable inference that in December some degree of warmth would be demanded by workmen. In any case the defendants would show that elevator and heat were needed. Hence the inquiry is whether, if it be assumed that heat and elevator were needed for installation, the least stipulated to provide the same for the purposes of installation.

The respondent regards subdivision 20 as a mere license; but it seems rather to be one of the inducements to the defendants to make the lease, and an essential part of it. Hence whatever of the facilities covered by the lease would be reasonably necessary in contemplation of the parties to install the plant the lessor should have had ready by December 1st. But the trial court precluded all inquiry tending to show what unfurnished was needed, and this court is disabled thereby from due consideration, unless it shall decide that the lease by subdivision 20 covenanted for the readiness of the building without the facilities for its use for the installation. But by what means should the machinery be raised to the fifth floor? The re-

spondent suggests the stairs; but nothing shows their adequacy, and use of them for lifting to place heavy machinery is not customary. It would be well to have the action retried, and facts admitted to the record that present the defendants' contentions.

Hence the judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.